IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS D. JACKSON, #1921458, | § | |
|                 Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:16-CV-591-D-BK |
| | § | |
| STATE OF TEXAS, | § | |
|                 Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, the federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

In 2014, Petitioner was convicted of tampering with physical evidence, possessing a firearm following a felony conviction, and possessing cocaine with intent to distribute, and was sentenced to concurrent 10-year terms of incarceration. *See State v. Jackson*, No. F13-54877 (283d Jud. Dist. Ct., Dallas Cnty., Tex. Mar. 25, 2014); *State v. Jackson*, No. F13-54878 (283d Jud. Dist. Ct., Dallas Cnty., Tex. Mar. 25, 2014); *State v. Jackson*, No. F13-54879 (283d Jud. Dist. Ct., Dallas Cnty., Tex. Mar. 25, 2014).

Petitioner has filed three separate section 2254 federal habeas corpus petitions in this Court, and may intend that the petition in this case be limited to challenging his conviction for possession with intent to distribute cocaine. Doc. 3 at 2 (citing Dallas County case number F-1354878). That is no moment, however, as Petitioner states that he neither pursued a direct appeal nor collaterally challenged either of his state convictions in state court before filing his

federal habeas petitions.  Doc. 3 at 3-6.  Contrary to his assertion, Dallas County online records reflect Petitioner recently filed state habeas applications under Texas Code of Criminal Procedure article 11.07, which remain pending before the trial court.  *Ex parte Jackson*, Nos. W13-54877A, W13-54878A, W13-54879A *application for writ* (283rd Jud. Dist. Ct., Dallas Cnty., Tex. February 24, 2016), available at http://courtecom.dallascounty.org/pav/.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement.  As noted *supra*, Petitioner's state habeas application is pending before the trial court.  Thus, the Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and, consequently, they remain unexhausted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[1]

SIGNED March 9, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one‑year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.